In the Matter of CHARLES W. FREDRICKSON, an Attorney, Respondent. NICHOLAS C. COOPER, Petitioner.

Second Department, March 10, 1975.

Nicholas C. Cooper, petitioner pro se.

Balsamo & Byrne (Joseph G. Balsamo of counsel), for respondent.

Per Curiam. The respondent was admitted to practice by this court on October 19, 1955. In this proceeding he was charged with four specifications of misconduct (the first three are set forth in the petition and the fourth in an amendment thereto) as follows:

(1) As attorney for an executor of a decedent's estate, inter alia, he (a) failed to file Federal and State estate tax returns, resulting in penalties of $15,883.20 and $667.41, respectively, (b) allowed $200,000 in estate funds to remain idle for more than 18 months, resulting in loss of income to the estate of more than $5,000, (c) caused $13,000 to be paid to himself on account of his fees, upon misrepresentations that he had completed the settlement of the estate, all of which resulted in the estate's retention of other counsel to investigate his activities and in his confessing judgment for $62,709.45, against which he has paid only $13,000; (2) as to the same estate he (a) concealed from the executor that he had failed to file a State estate tax return and had received repeated notices from the State Tax Commission demanding the filing of a return, (b) misrepresented to the executor and legatees that he had taken the necessary steps to settle the estate and had paid the Federal estate tax and (c) misrepresented to the executor that he had completed the settlement of the estate with the exception of the final accounting; (3) converted $79,872.18 from a checking account of another client, without the client's knowledge or consent, as to which account he had a power of attorney; and (4) he was found guilty, on February 20, 1974, in the United States District Court for the

Southern District of New York of willfully filing fraudulent joint Federal income tax returns for the years 1964, 1965 and 1966 in that he failed to report and pay tax on income of $6,238.12, $37,171.46 and $31,998.50, respectively (the report of Mr. Justice SWEENY to whom this proceeding was referred, states the respondent was later sentenced to one year in prison and that on July 17, 1974 the conviction was upheld by the United States Court of Appeals for the Second Circuit).

By verified answer filed before the addition of the fourth charge the respondent denied the first three charges. Further, by stipulation upon the minutes of the hearing session on June 18, 1974 the respondent admitted for the most part the truth of all the charges.

The proceedings before Mr. Justice SWEENY were reduced to a series of stipulations whereby, *inter alia,* most of the allegations in the charges were admitted and the entire transcript and record of the trial in the Federal court, the record of a hearing held by the Grievance Committee of the Orange County Bar Association, and numerous other letters and other data were admitted into evidence. Mr. Justice SWEENY found in his report that the respondent was guilty of all the charges. Both the petitioner and the respondent move to confirm the report, but the respondent asks for leniency in the imposition of discipline.

After reviewing all the testimony and the documentary evidence received at the hearing, we are in full accord with the findings in the report. The motions to confirm should be and hereby are granted.

The respondent is adjudged guilty of serious professional misconduct and should be and he hereby is disbarred from further practice of the law and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

MARTUSCELLO, Acting P. J., LATHAM, COHALAN, CHRIST and BRENNAN, JJ., concur.